**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 2 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

CARLOS ALBERTO ESTUPINAN,

      Defendant - Appellant.

No. 99-6378
(D.C. No. 99-CR-15)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

Defendant-Appellant Carlos Estupinan appeals from his conviction of

conspiracy to distribute cocaine powder, 21 U.S.C. § 846. He was sentenced to

78 months imprisonment and five years supervised release. On appeal, he

contends that the district court erred in denying his motion for a downward

departure on the misapprehension that it lacked the authority to depart under 18

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

U.S.C. § 3553(b).

Mr. Estupinan sought a downward departure under § 3553(b) and USSG § 5K2.0 on the grounds that the sentence in this case will have unusually harsh effects on him and his family because of his status a deportable alien.  In response, the trial court determined that the ground urged for departure "just does not qualify under this Court's understanding of the controlling authorities so as to remove it from the heartland of cases or sufficiently distinguish his case as would be required to grant the defendant's request . . . ."  Sent. Tr. (Sept. 7, 1999) at 61. We have reviewed the sentencing transcript, including the authority cited therein, and conclude that, on balance, the trial court was aware of its authority to depart and chose not to exercise it.  Accordingly, we are without jurisdiction to review the district court's decision not to depart and DISMISS the appeal.  See United States v. Castillo, 140 F.3d 874, 887-888 (10th Cir. 1998).

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge